## JOHNSON v. BURGLASS.
### No. 14363.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

M'Caleb & M'Caleb and A. B. Leopold, all of New Orleans, for appellant.

Edward Rightor, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff purchased a gasoline heater from defendant. It proved defective and a few days later defendant called for it in order that necessary repairs might be made. Defendant then sent it to the wholesaler from whom he had purchased it because the wholesaler maintained a repair department. Later the wholesaler returned it to defendant and he again delivered it to plaintiff.

Plaintiff alleges that when he attempted to light the heater after the repairs had been made it exploded and that he was severely burned about the head, ears, and eyes. He particularly alleges that he has been practically totally blinded in one eye and that he has almost completely lost the use of one of his ears.

Defendant resists payment asserting that the heater was of a standard make, manufactured by a well known reputable manufacturer and maintaining that as a matter of law if there was a defect therein, he is not responsible therefor.

Plaintiff counters, however, with the contention that the law of Louisiana with reference to the warranty, which is implied in every sale of merchandise, renders the retail dealer liable for injuries resulting from defects therein, and he further maintains that even if that be not true, nevertheless, defendant is liable because the damage sustained resulted not from the original defect, but from the repairs which were improperly made either by defendant or by his agent, it being asserted that the wholesaler became the agent of defendant for the making of the repairs when defendant sent the heater back to the wholesaler.

Defendant also contends that after the repairs were made the heater was not defective and that the damage sustained resulted from the improper use of the heater by plaintiff himself.

Plaintiff states that when he attempted to open one of the valves, the valve itself became disconnected from the gasoline reservoir and was blown into his face together with a considerable quantity of gasoline.

Defendant, on the other hand, maintains that the valve did not come off; that it cannot be made to come off; and that in reality, plaintiff, in all probability, instead of turning on the valve, unscrewed the cover which is over the opening of the reservoir into which gasoline is inserted when the tank is being filled.

The peculiar thing about the testimony of plaintiff is that he says that when the handle of the valve came off it was lost and never afterwards found, whereas his wife testifies that after the so-called explosion defendant sent for the heater, and that it was delivered to defendant's messenger in the exact condition in which it was found to be when exhibited in court. When exhibited in court, there was no part missing and the handle which plaintiff claims was blown off and lost was in its proper place on the heater. Plaintiff is manifestly in error then in saying that this handle came off and was lost and could never be found.

An examination of the heater convinces us, as it apparently convinced our brother below, that the handle of the heater did not come off, and that the so-called explosion was caused by plaintiff's carelessness in opening the reservoir when there was air pressure therein. It was clearly demonstrated that if this is done a heater of this type will eject a quantity of gasoline which, upon coming into contact with the pilot light, or more properly speaking the preliminary heating pipe, will burst into flames, usually with disastrous results.

Since the district judge reached this conclusion and since only a question of fact is involved, and because the evidence does not convince us that this conclusion is manifestly incorrect, the judgment appealed from is affirmed.

Affirmed.